# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

| | | |
|---|---|---|
| DANIEL LEE WILLIAMS, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV616-077 |
| UNITED STATES OF AMERICA, | ) ) | CR614-015 |
| Respondent. | ) ) | |

## REPORT AND RECOMMENDATION

Having pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), with his sentence enhanced by 18 U.S.C. § 924(a)(2), CR614-015, doc. 47 (judgment); doc. 46 (plea agreement), Daniel Lee Williams moves under 28 U.S.C. § 2255 for resentencing without that enhancement. Doc. 50. Preliminary review under Rule 4 of the Rules Governing Section 2255 Proceedings shows that his motion must be denied.

Accepting as true Williams' contention that his sentence was enhanced under the U.S. Sentencing Guideline 4B1.1(a), doc. 50 at 5, his argument that he is entitled to be resentenced because 4B1.1 is "void for vagueness" under the reasoning set forth in *Johnson v. United States*,

576 U.S. \_\_\_, 135 S. Ct. 2551 (2015),[1] fails. *See United States v. Matchett*, 802 F.3d 1185, 1194 (11th Cir. 2015) (*Johnson* does not apply to enhancements under the Guidelines), *reh'g en banc denied*, \_\_\_ F.3d \_\_\_, 2016 WL 475721 (11th Cir. Sept. 13, 2016); *see also In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016) ("The Guidelines -- whether mandatory or advisory -- cannot be unconstitutionally vague because they do not establish the illegality of any conduct and are designed to assist and limit the discretion of the sentencing judge.").

For that matter, defendant's sentence was *not* enhanced by that Guideline, and the PSR expressly noted that he "narrowly avoided being classified as an armed career criminal." PSR (Sentencing Recommendation) at 1. Instead, Williams was sentenced under 18 U.S.C. § 924(a)(2), which provides: "Whoever knowingly violates subsection

---

[1] He seeks to exploit the new rule that *Johnson* announced, and which was made retroactive by *Welch v. United States*, \_\_\_ U.S. \_\_\_, 136 S. Ct. 1257 (2016).

The Armed Career Criminal Act (ACCA) -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g); and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague that it violates due process. *See* 135 S. Ct. at 2557. But crimes falling under ACCA's other clauses, known as the "elements" and "enumerated crimes" clauses, are not affected by *Johnson's* holding. *Id.* at 2563.

(a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both." *Id.*

In light of § 924(a)(2), the PSR recommended 115 months, based in no small part on U.S.S.G. § 2K2.1(a)(2) (supporting a base offense level of 24 for violating § 922(g)(1) with at least two countable felony convictions). PSR (Sentencing Recommendation) at 2. The district judge sentenced him to 108. Doc. 47 at 2. *Johnson*, which invalidated *another* part of § 924 (*i.e.*, § 924(e)(2)(B)(ii)), is thus inapplicable. *Mazone v. United States*, 2016 WL 4787280 at * 2 (S.D. Ga. Aug. 15, 2016).[2]

Accordingly, Daniel Lee Williams' § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule

---

[2] Note that,

> [a]s the flood of post-*Johnson*, post-*Welch* § 2255 motions nationwide suggests, [Williams] is not alone in his misunderstanding of the implications of *Johnson*. So it bears stating that *Johnson's* holding, which specifically concerned the ACCA's "residual clause," was not a wholesale condemnation of the application of the Guidelines or of garden-variety calculations of a defendant's criminal history category like in this case. Indeed, the Supreme Court has subsequently reaffirmed the significance of the Guidelines calculations in sentencing proceedings. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).

*United States v. Haslip*, 2016 WL 4544329 at * 2 (D. Minn. Aug. 31, 2016).

11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

**SO REPORTED AND RECOMMENDED** this  19th  day of September, 2016.

                                        UNITED STATES MAGISTRATE JUDGE
                                        SOUTHERN DISTRICT OF GEORGIA